Filed 12/18/13  In re Marcos N. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re MARCOS N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>MARCOS N.,<br><br>　　　Defendant and Appellant. | F067085<br><br>(Super. Ct. No. JJD066286)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Gabriel C. Vivas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　　Before Cornell, Acting P.J., Gomes, J., and Peña, J.

## INTRODUCTION

On July 17, 2012, Marcos N., appellant, waived his rights and admitted allegations in a first amended petition filed pursuant to Welfare and Institutions Code section 602 that he committed second degree vehicle burglary (Pen Code, § 459, count 1),[1] received stolen property (§ 496, subd. (a), count 2), committed misdemeanor trespass (§ 602, subd. (m), count 3), and misdemeanor possession of an alcoholic beverage by a minor (Bus. & Prof. Code, § 25662, subd. (a), count 4). Appellant's admission was dependent on being placed in the Deferred Entry of Judgment program (DEJ). On July 31, 2012, the juvenile court placed appellant on DEJ. Appellant was placed on probation for 12 to 36 months on various terms and conditions.

On January 29, 2013, a new petition was filed alleging that appellant carried a concealed weapon (§ 25400, subd. (a)(2), count 1), carried a loaded firearm as an active gang member (§ 25850, subd. (c)(3), count 2), possessed an assault weapon, a felony (§ 30605, count 3), committed misdemeanor possession of live ammunition (§ 29650, count 4), gave away a large-capacity magazine, a felony (§ 32310, count 5), and two counts of resisting an executive officer (§ 69, counts 6 & 7). Each count further alleged a gang enhancement (§ 186.22, subd. (b)(1)(A)).

On February 1, 2013, appellant waived his constitutional rights and admitted counts 2, 6 and 7, and the gang enhancement in each of those counts. On February 19, 2013, the juvenile court declared appellant a ward of the court, found its prior commitment of appellant to DEJ was unsuccessful, and terminated appellant's participation in DEJ. Appellant was informed that the maximum term of confinement for all sustained allegations was nine years ten months with 63 days of custody credits. The court ordered appellant's placement out of home, committed appellant to the Tulare

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

County Youth Facility for 365 days, and ordered appellant on probation upon various terms and conditions including that he not possess guns, knives, weapons, fireworks, explosives, chemicals that can produce explosives, and to not associate with anyone he knows or reasonably should know is a gang member.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## FACTS

### *June 2012 Offenses*

On June 4, 2012, appellant was found trespassing in a vacant house with three other minors while in possession of an alcoholic beverage. On June 26, 2012, the victim of a vehicle burglary found appellant and one other minor inside his vehicle which had been locked. The minors fled. The victim never lost sight of the minors and appellant was apprehended. A stolen gun was found in the path of appellant's flight.

### *January 2013 Offenses*

On January 26, 2013, Porterville police officers were dispatched to a local Save Mart store regarding a male possibly armed with a firearm. Upon arriving at the scene police saw appellant, who matched the description given over the radio. The officers approached appellant and told him they were going to conduct a pat-down search of him for weapons. At one point, appellant threatened, "fuck you pig. I'll blast you." Other slurs and insults were uttered. Appellant resisted the search but was subsequently subdued and searched. Appellant was found in possession of a Tec-9 assault weapon. The police also found live ammunition on appellant.

Appellant told the probation officer that his "homies" gave him the gun to take it to get fixed. He said when stopped by the police he was on his way to get the gun fixed.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*Wende*, *supra*, 25 Cal.3d 436.)  By letter on September 13, 2013, we invited appellant to submit additional briefing.  To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.